IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MARCEL RUDOLF REMENAR, )
          )
     Plaintiff,  )  Case No. 03-291-KI
          )
  vs.      )  OPINION
          )
FEDERAL RESERVE BANK OF SAN )
FRANCISCO OREGON BRANCH, )
          )
     Defendant. )


   Marcel Rudolf Remenar
   11730 S. W. Bel Aire Lane #8
   Beaverton, Oregon  97008

     Pro Se Plaintiff

   Herbert C. Sundby
   United States Attorney's Office
   1000 S. W. Third Avenue, Suite 600
   Portland, Oregon  97204-2902

     Attorney for Defendant


Page 1 - OPINION

KING, Judge:

Plaintiff Marcel Rudolf Remenar brings this action against the Federal Reserve Bank of San Francisco, Oregon Branch, alleging that defendant refuses to redeem his notes for "lawful money." Defendant moves to dismiss the complaint and plaintiff moves for default judgment. Plaintiff has also filed numerous other documents he considers to be motions. For the following reasons, plaintiff's motion for default judgment is denied, defendant's motion to dismiss is granted, and all other motions are deemed moot.

## BACKGROUND

Plaintiff initially filed his complaint on March 5, 2003, without the appropriate filing fee. Plaintiff was informed that in order for his complaint to go forward without the fee, he needed to submit an application for leave to proceed *informa pauperis*. Plaintiff eventually submitted such an application, which I granted conditionally, but dismissed plaintiff's complaint for failure to state a claim. I allowed plaintiff the opportunity to amend his complaint. Plaintiff filed an amended complaint, and although I made no decisions on the merits of the complaint, I ordered the Clerk to issue process and the United States Marshal to serve the summons and complaint.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) will only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Gilligan v. Jamco Development Corp., 108 F.3d 246, 248 (9th Cir. 1997). Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Id. The court, however, may consider whether conclusory allegations follow from the description of facts alleged. Holden v.

PAGE 2 - OPINION

Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).  The court may also review a document extrinsic

to the complaint if the authenticity of the document is not contested and the complaint

necessarily relies upon it.  Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.) (permissible to

consider employer's group insurance application in action alleging improper denial of benefits),

cert. denied, 525 U.S. 1001 (1998).  Moreover, the court is not required to accept as true

conclusory allegations which are contradicted by documents referred to in the complaint.

Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998).

A court may deny leave to amend when any proposed amendment would be futile.  Reddy

v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990), cert. denied, 502 U.S. 921 (1991).

## DISCUSSION

I.    Plaintiff's Motions for Default Judgment

Twenty days after service of the complaint on the Federal Reserve Bank of San Francisco,

plaintiff filed a motion for default judgment because defendant had not yet responded to the

complaint.  However, because plaintiff's complaint seeks to impose liability on the Federal

Reserve in connection with its activities as an instrumentality of the federal government,

defendant is afforded 60 days to respond to the complaint.  Defendant has since responded to the

complaint in the form of a motion to dismiss.

Plaintiff submits lengthy briefing that he believes supports his contention that the Federal

Reserve is not an agency of the United States.  Therefore, according to plaintiff, defendant has

not properly responded to the complaint in a timely manner.  Notwithstanding plaintiff's

arguments to the contrary or plaintiff's arguments that the Federal Reserve's existence is

PAGE 3 - OPINION

unconstitutional, the Federal Reserve Banks are considered government entities when sued, as in this case, for alleged violations of their public function.

Defendant Federal Reserve Bank of San Francisco is one of 12 regional Federal Reserve Banks, which, along with the Board of Governors of the Federal Reserve System and the Federal Open Market Committee, constitute the principal components of the Federal Reserve System, the country's national bank. Each Federal Reserve Bank is a federally chartered corporation with functions including providing central banking services to its member banks and other depository institutions. 12 U.S.C. §§ 301-305, 248(c), 342, 347-347c. Federal Reserve Banks also act as the fiscal agent of the United States. 12 U.S.C. § 391. Federal Reserve notes are issued to the Reserve Banks by the Board for further distribution through the financial system. 12 U.S.C. § 411. These notes are obligations of the United States. Id.

Although the Federal Reserve Banks provide some private functions to commercial banks and other financial institutions, in their capacity as distributer and redeemer of the Federal Reserve notes, the Federal Reserve Banks perform governmental functions as directed by Congress and the Board. See, e.g., United States v. Hollingshead, 672 F.2d 751, 753-54 (9th Cir. 1982 (holding that employee of the Federal Reserve Bank of San Francisco was a "public official" for purposes of federal bribery statute because of the federal nature of bank); Jet Courier Services, Inc. v. Federal Reserve Bank of Atlanta, 713 F.2d 1221, 1228 (6th Cir. 1983) (holding that Federal Reserve Banks may not be sued under the Sherman Act because government entities are not "persons" under the Act). The cases plaintiff relies on are not to the contrary. For example, plaintiff relies on Lewis v. United States, 680 F. 2d 1239 (9th Cir. 1982), which was an action brought against the United States by an individual who was injured by a vehicle owned

and operated by the Los Angeles branch of the Federal Reserve Bank of San Francisco.  In that

case, the Ninth Circuit held only that the Federal Reserve Banks were not federal

instrumentalities for the purposes of the Federal Tort Claims Act.  Id at 1241.  The Federal Tort

Claims Act is not at issue in this action and the Ninth Circuit's holding in Lewis is irrelevant.

Because plaintiff has sued the Federal Reserve Bank of San Francisco based on actions

taken in its governmental capacity, defendant was entitled to additional time to respond to the

complaint.  Under Rule 12(a)(3)(A), no response is due on a complaint against the United States

or an agency or officer thereof until 60 days after service of complaint on the United States

Attorney.  Defendant's motion to dismiss was timely and plaintiff's motion for default judgment

is denied.

II.    Defendant's Motion to Dismiss

Defendant moves to dismiss plaintiff's complaint, arguing that plaintiff can prove no set

of facts that would entitle him to relief on his breach of contract or quantum meruit claims based

on defendant's alleged refusal to redeem plaintiff's Federal Reserve notes for "lawful money."  I

agree with defendant, and this was the basis of my first Order dismissing plaintiff's complaint.

Plaintiff's amended pleadings provide no further basis for entitlement to relief on this challenge.

As explained in my prior Opinion, challenges to Federal Reserve notes have uniformly failed.

Plaintiff relies on 12 U.S.C. § 411.  This provision delegates to the Federal Reserve

System the power to issue circulating notes for money borrowed and the power to define the

quality and force of those notes as currency.  Milam v. United States, 524 F.2d 629 (9th Cir.

1974).  In Milam, the plaintiff brought a similar claim against the Federal Reserve for failure to

redeem his notes for "lawful money."  The Ninth Circuit found that the plaintiff's claim was

PAGE 5 - OPINION

meritless.  "Appellant's contentions, in our view, were put at rest close to a century ago in

Juilliard v. Greenman, 110 U.S. 421, 448 (1884), in which it was said:

> . . . Under the power to borrow money on the credit of the United States, and to
> issue circulating notes for the money borrowed, its power to define the quality and
> force of those notes as currency is as broad as the like power over a metallic
> currency under the power to coin money and to regulate the value thereof. Under
> the two powers, taken together, Congress is authorized to establish a national
> currency, either in coin or in paper, and to make that currency lawful money for
> all purposes, as regards the national government or private individuals. . . .

The power so precisely described in Juilliard has been delegated to the Federal Reserve System

under the provisions of 12 U.S.C. § 411."  Milam, 524 F.2d at 629.

The crux of plaintiff's complaint seems to be his desire to have the Federal Reserve give

him silver or gold in exchange for his notes.  Plaintiff is not entitled to redeem his notes in

precious metal.  Milam, 524 F.2d at 629.  In plaintiff's various other papers he attempts to clarify

that while he prefers gold, he believes lawful money of the United States need not necessarily be

gold or silver, but also may be currency redeemable for gold and silver on demand.  Plaintiff's

attempted clarification makes no difference to the validity of his claim.  Plaintiff believes that

"legal tender" and "lawful money" are not synonymous, but plaintiff's only support for such a

belief are Uniform Commercial Code provisions and cases which have absolutely no relevance.

"United States coins and currency (including Federal reserve notes and circulating notes of

Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and

dues."  35 U.S.C. § 5103.  Because Federal Reserve notes have been designated as legal tender

by Congress, such notes *are lawful money* as the term is used in 12 U.S.C. § 411.  See also

Juilliard, 110 U.S. at 448 ("Congress is authorized to establish a national currency, either in coin

or in paper, *and to make that currency lawful money for all purposes*. . . .") (emphasis added);

PAGE 6 - OPINION

<u>United States v. Anderson</u>, 584 F.2d 369, 374 (10th Cir. 1978) ("Congress has exercised this power by means of delegation to the Federal Reserve System, 12 U.S.C. § 411, and the definition of federal reserve notes as legal tender.  *There can therefore be no challenge to the legality of federal reserve notes.*") (emphasis added) (internal citations omitted).  There is no constitutional or other legal requirement for the Federal Reserve to redeem plaintiff's notes in whatever form plaintiff wishes and it is clear that plaintiff can prove no set of facts that would entitle him to relief on this claim.

Although not addressed in defendant's motion to dismiss, I want to assure plaintiff that I have considered all of the remaining allegations in his papers.  Plaintiff believes that the Federal Reserve is illegally keeping the United States in bankruptcy, that the Federal Reserve has established a "puppet government" in the United States, that the Federal Reserve's existence is unconstitutional for many reasons including plaintiff's belief that Congress cannot transfer the duty to manage money, that the Federal Reserve's actions constitute "domestic terrorism," that the income tax system is unconstitutional, that inflation constitutes "taxation without representation," and that the Federal Reserve was responsible for the Great Depression.  Plaintiff is entitled to his beliefs.  But, in order to sustain an action in federal court, plaintiff must state a claim upon which relief can be granted.  Wading through plaintiff's voluminous submissions, I have determined that plaintiff seeks to assert several additional claims for relief.  I will address each in turn.

First, plaintiff's various pleadings cite to several criminal statutory provisions he believes the Federal Reserve has violated, most of which are related to counterfeit and fraud.  Even if plaintiff had pleaded facts that if proven would establish such violations, these claims fail

because as a private citizen plaintiff cannot enforce the criminal statutory provision on which plaintiff relies.

Second, plaintiff alleges a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"). The elements of a civil RICO claim are: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity ("predicate acts") (5) causing injury to the plaintiff's business or property. 18 U.S.C §§ 1964(c), 1962(c); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). Plaintiff has failed to allege facts that would establish a RICO claim against defendant.

Third, plaintiff makes repeated allegations that his constitutional rights and the constitutional rights of "the public" have been violated by the Federal Reserve. Again, as with many of plaintiff's allegations, he cites criminal provisions which do not provide a private right of enforcement. However, even if plaintiff meant to bring a civil rights action under one of the civil statutes that provides such a right of action, plaintiff does not cite any federal constitutional right or any other federally protected right plaintiff believes to have been violated. While plaintiff does cite to the Equal Protection clause several times, plaintiff pleads no facts that would support a finding that a state action has denied him equal protection of the laws as guaranteed by the Fourteenth Amendment or that any federal action has denied him equal protection as guaranteed by the Due Process clause of the Fifth Amendment.

Finally, plaintiff also appears to be asserting a claim based on involuntary servitude. Plaintiff again only cites to criminal provisions which he cannot enforce, and he has pleaded no facts to support a finding that he was held in involuntary servitude within the meaning of the Thirteenth Amendment or any codifying statute.

PAGE 8 - OPINION

Plaintiff was given an opportunity to amend his complaint after my first Opinion, which he did. Plaintiff has also filed several complaint-like documents in addition to his first amended complaint entitled "Outline for Amended Complaint," "Amended Complaint," "Complaint Clarifications," "Asseverations of Fact" and "Amended Asseveration of Facts." Not one of these documents states a claim upon which relief could be granted. I grant defendant's motion to dismiss and I deny leave to amend plaintiff's complaint.

## CONCLUSION

Plaintiff's motion for default judgment (#15) is denied, defendant's motion to dismiss (#18) is granted, motions #24, #28, #29 and any other documents plaintiff intended to be motions are deemed moot. This case is dismissed with prejudice.

Dated this _____5th_____, day of November, 2003.


   _/s/ Garr M. King_____
Garr M. King
United States District Judge